May it please the Court. My name is Robert Loeb from the Department of Justice, and I represent the United States of America and the Secretary of Navy in this proceedings. The plaintiff in this case, Ronald Wilkins, sued the United States and the Navy claiming religious discrimination. And to support his allegations, he sought to compel a discovery from the members of the Navy Promotion and Retirement Boards. Pursuant to Navy Instruction 1420.1a, the members of those Retirement and Promotion Boards take an oath not to disclose the deliberations of those proceedings. But we're only concerned with early retirement boards in this proceeding. Is that correct? Well, the plaintiff sought discovery of both. But in this mandamus petition, it's only the early retirement boards that are at issue. Right. The district court ordered a disclosure of the deliberations of his personal retirement board left open for the future in his balancing or her balancing, excuse me. But the answer then to Judge Clifton's question is on this mandamus proceeding, as he said, we are considering the retirement board. Yes, Your Honor. Okay. And then we might as well get down to the issue, which is that as the District of Columbia Circuit pointed out, 618F doesn't cover retirement boards. As we explained in our submission to this Court late last week, the nondisclosure policy contained in 618F still does apply to retirement boards, although not as clearly as promotion boards, obviously. The D.C. Circuit recognized that 618F codified a longstanding understanding that deliberations of the promotion boards were to be secret. And they codified that in 1980. But in 1980, they also invented these retirement boards. And at that time, it was unclear what the procedures and rules were going to be applying to the retirement boards. So Congress left that as a matter to the Secretary of Defense and delegated in two ways authority to the Secretary of Defense. In Section 611C and Section 638E, expressly delegated authority to the Secretary of Defense to establish rules regarding the retirement proceedings. Now, in establishing those retirement boards, the Secretary has decided to do them on par with the promotion boards, adopting pretty much the same procedures and the same rules. And in 1420.1a, the instruction which is the – which implements all this, the Secretary has adopted the same rules and notably the same oath requirement for both the promotion boards and the retirement boards. Kennedy. Well, so what? Well, so what is that we have a policy that Congress has adopted? The board members may very well be sworn to secrecy. But that doesn't mean that they are compelled to testify in court. They can't. I mean, they're not supposed to blab about it. They're not supposed to go into Internet chat rooms and talk about what happens in a selection board. They're not supposed to talk about it at parties or tell people they meet on the street. That's what the oath means. You don't talk about the deliberations. But what does that have to do with prohibition against disclosure in court? Well, let me say two things. First, as to your premise, as the D.C. Circuit recognized and even district court recognized, a release of the information to the disgruntled officer will have the effect of basically undermining the purpose of the oath. But the main point of your question is, well, so what? It's a regulation. We can't trump civil discovery. What's different about this one. No, no, no. No, I'm sorry. That wasn't my question at all. Where does the regulation say what you wanted to say? Well, the regulation says exactly what 618F says, which says that they will not disclose. Well, it shall not disclose or will not disclose the information. And which, as the D.C. Circuit properly read, is a flat ban against disclosure. And that disclosure and the purpose of it behind it, protecting the full frank deliberations, is only meaningful if those deliberations are not disclosed to the disgruntled employee. Here we have an officer whose main claim is, well, I was retired while two other persons who I think I'm better at, I'm better than they are, did not lose their jobs. Therefore, I speculate, in his own terms, that this was based on the fact that Catholics are biased against others who are not Catholics, and I want to depose the board members to sustain my speculation. Well, if that's the stuff which will permit the disclosure of the board deliberations, then the board members and the purposes of both the statute and the statute, 618F, as it's been extended to the retirement board context, would be meaningless. It would be completely thwarted in Judge Roberts' words in the D.C. Circuit opinion. Now, that policy is the same whether it's in the retirement board context or the promotion board context. The only difference between them, the only difference between them is one is in the statute. It plainly applies. And one is the duly exercised, the exercise of duly delegated authority by Congress, because Congress didn't know how these were going to run. They were decided that they were going to run just like for promotion boards. And exercising that explicit two delegations of authority by Congress, the Secretary adopted the very same nondisclosure requirement. So either the D.C. Circuit's wrong or ---- So you can ---- well, that's happened. So you concede that the statute does not cover the retirement board, F, 6 ---- 618F. 618F does. It's indisputable that it's an explicit reference to a promotion board. So I agree with that. It does not directly apply to the retirement boards. And the argument is ---- Is the answer yes? Yes. Okay. So let's go on. So then what is it that you have that applies? What applies is that basically Congress left ---- Is it regulation? Is the regulation as implementing ---- Okay. What is the citation of the regulation? The regulation is the instruction which is attached to our supplemental filing. This is July 22nd supplemental filing? From Friday of Thursday of last week. Did you argue to the district court that the regulation precluded this? Your Honor, the answer is no. I'll just give you one-word answers. First, the answer is no, because we at the time, the promotion boards and the deliberate and retirement boards are both at issue. It's 1420. The instruction applies to both. The same rules apply to both. And both parties had just understood the case as the same oath applying to both contexts, erroneously, which Judge Roberts points out. And that's to our fault. I'm sorry. What is your supplemental filing? And what exactly does it have attached? I have something from you, a 28J letter. We have the motion to submit short supplemental response, which we submitted which we filed by FedEx on Thursday of last week, which has attached to it the instruction 1420.1A. I've got no idea what you're talking about. Yeah, I've never heard of it. I asked the clerk how to serve it. She said FedEx it and they distribute it. I have at least a couple copies I could give you, but I'm sure, you know, where I run through these. So what did you do with it? We filed it with the court. And I asked whether I should fax it and she wanted it by FedEx, but that's irrelevant at this point. So we filed a short supplemental response. The court is big. Where did you send it? San Francisco. I was told to send it to San Francisco. I asked whether I should send it to the calendar clerk here in Pasadena. They told me to send it to San Francisco and they would be. When did you send it? It's a – it's – I think we leaked FedEx out on Thursday on the 29th. Is that Thursday?  So I – the day the D.C. Circuit decision was released, we sent a 28-J letter. Within 24 hours, we sent this response giving an answer to the question that Judge Roberts raised, which we duly served on counsel and he received and served upon the court. So I apologize. I was under the impression that you had that. We didn't bring extra copies here with you. I may – I have my copy and I believe my counsel from the Navy has a copy or two as well, but I wasn't – I – Well, it'll make it to us eventually, but now you know we have no idea what you're talking about. We have not previously looked at that regulation. All right. So we basically set out saying we acknowledge that 618-F does not directly apply to the retirement context and that it's basically – that's an open question which was left by Congress, okay? And that it's only extended – I'm sorry. What's open? What about it? What's an open question? About whether this nondisclosure policy – what the policy should be about disclosure or nondisclosure in the retirement board context. You think you make it better by saying – so Congress didn't say anything, it means it was left open? Well, because – That is, you've got nothing to rely on in the statute. Okay. In order to – in order to get the district court overturned, you have to show that the district court is clearly wrong, okay? You point it to a statute which doesn't apply, doesn't help you, saying Congress left the question open doesn't prove the district court was wrong. You've got to come up with something else. No, I agree with you. Okay. So come up with something else. Why are you wasting your time saying things like Congress left the question open? Well, Congress didn't just leave the question open. It said these rules are going to be delegated to the Secretary of Defense to promulgate regarding how these boards are going to run under 611C and 638E of the same statute. Okay. And what have you got? What did the Secretary do? And the Secretary adopted these instructions, which are attached to that filing, which were submitted to the district court. Okay. So – Which would say that the procedures for the boards are going to be the same. Our district court? Yes. And they were submitted when to the district court? It's part of the summary judgment paper. I mean, the – They don't get mentioned in your briefs. No, Your Honor. So you submit this. There's something you knew about in the district court. It was submitted there. You file a brief with us. You petition for a name. You say the court is egregiously wrong. Right. And you don't mention these things, which you're now – now having conceded that the thing you do apply on does not – rely on doesn't apply at all. You're now pulling these things out that you – Yes. That the district court didn't present to us here. Why didn't you present to them in your brief? The plaintiffs here never claimed that 618-F was not applicable to this context. No one ever raised that question. You know, you are filing a petition. It's our fault. No, it's only your fault. Not also your fault. It's only – you have a petition for rudiment damage. You are seeking to show extraordinarily difficult things. Right? Including that the court below was egregiously wrong. And you file your brief. We look at it. In it is a provision that has no applicability to the case. You file this pretty fat brief, wasting our time reading, trying to look for something that, you know, citations and cases and so on, on a non-issue. And this other thing which you say now is the authority, you don't bother to put in there. What excuse is there for that? What kind of lawyering is that? Your Honor, I will say we're at fault for having not noticed this issue before. Obviously, we have a – You said you put it in the district court record. It was part of the background instructions which are applicable to these type of proceedings. But you didn't argue with the district court. Well, the fact is that everybody I gather for years proceeded under a false assumption, both the government and the other side. And not just in this case, but in other cases. Well, it's not a false assumption that this instruction, which applies to both contexts. No, no, a false assumption that 618F or whatever is applied. Well, no, because the Secretary in adopting that instruction had a choice whether to make 618F applied to the retirement boards or not, obviously. But if anybody had been cognizant of that before filing the mandamus petition, I suspect you would have referred to the regulation and not to the statute. Absolutely, Your Honor. If anybody had questioned the applicability of it, we would have addressed it. Obviously, the plaintiff did not. When we raised the privilege, no one questioned its applicability on that ground. We have a system of – an adversarial system to point out the flaws. But the fact remains you are now stuck with a piece of paper, a mandamus petition, that doesn't support your claim. You now say you have a different claim, that you could have presented this to court, but didn't. So how can the United States stand here and ask us to grant mandamus, saying that this record was egregiously wrong, an issue that was not briefed to us, was not briefed to the district court, and that government counsel himself says we didn't really know about this issue, this argument. Yet we are to find that this record was egregiously wrong. Why isn't the – I mean, you're not here representing an ordinary litigant. You are here representing the United States. Why isn't the appropriate thing under the circumstances to withdraw the petition, go back to the district court and argue your claim based on this other new provision, and if the district court still gets it wrong, then you really consider whether to come back. Is it really appropriate to waste our time and your time and the taxpayers' money flying out here, and defense counsel's time, when you now concede that the thing that you claim, that this record erred egregiously, really was not wrong at all? Is that how the United States behaves in Federal court? If you look at our supplemental submission, if you were deemed to accept it, maybe you'll be deemed not to accept it because of its legitimacy. Well, let's say it's accepted. What difference does it make? This was not something that was presented to the district court. You are asking us this is not an appeal. This is a mandamus petition. You want us to second-guess a decision made by the district court on arguments that you didn't bother to present. But the district court is already, the guy is cast. The district court has already said even if 618F, which has written the clear terms it is about promotion boards, he said even as to promotion boards, it is not an absolute privilege and engaged into this balancing. So we have this decision. But we don't know what the district court would do with this other provision. Well, that's right. But even as to promotion boards, the district court has a decision on the books here, which basically is telling all future promotion boards that there is no absolute privilege, there is a question of balancing, and your deliberations can be disclosed in the future. It has to be. Retirement boards. What? Retirement boards. Well, he was addressing both promotion and she. I'm sorry. She.  But she only ruled with regard to allowing the discovery of the retirement. She also ruled that promotion boards do not have an absolute privilege, said there was this balancing which was going to apply to both. But didn't say anything that would justify bringing the issue to us because she didn't at that point allow discovery. Absolutely, Your Honor. And as our supplemental submission shows, and which I hope I could walk you through it, is that yes, 618F does not directly apply, but it's a technical matter that it's of the statute and regulations, it extends that same policy with duly delegated statutory authority to the Secretary of Navy to this other context. And all the same arguments in that filing are basically still. Do you have any examples? Okay. Let's take as a given, because I don't know any better. I suspect it's probably the case that the regulations adopted by the Secretary of Defense track so that the two different kinds of boards or three different kinds of boards are all alike. Do you have any authority for the proposition that something not authorized by active Congress other than a general authority to enact regulations can be used in this manner? I mean, the argument on 618, I understand. You've got a statute that says you've got to keep it quiet. Don't have a statute now. Is there any authority for the proposition that it's just a regulation by itself? We wouldn't be arguing this in a different kind of context than in a non-military context. Here we have the Secretary of Defense where Congress has said we don't know how these boards are going to be run or maintained. We're delegating it to you to decide how to run them implicitly, whether they have the secrecy oath or not. Then the Secretary of the National Guard. The Secretary ran notice and comment procedures? I'm sorry. Promulgated these pursuant to notice and comment? He published them in the Federal Register? No. These are as a Secretary of Navy adopts these instructions as Congress. You keep talking to them about the regulations, but regulations mean something quite specific. Is this any more than a memorandum from, you know, here's how you do your job? It's a – these are all – Were they – was there notice and comment? Were they published in the Federal Register? All the procedures for these boards, promotion, are established by – Were they published in the Federal Register? No, Your Honor.  Was it public comment period of resort? No, Your Honor. That's not how these are – Well, what's – what's the regulations in your view? They're not regulations. They are – certainly they are adopted by the head of the armed services, and they are certainly as far as – Let me – let me – let me – I mean, see, this is what is so difficult for us to be reversing this record on issues that this record didn't – didn't rule on, that the opposing counsel hasn't had a chance to oppose. And why the honorable thing for the United States would be to do is say, we goofed. We're going to go back and try again. That would be the honorable thing to do. But, for example, how do we know that these have a force of law? Why are we in any sense bound by it? I mean, this may in fact be what the generals tell their subordinates, just like field commands, but those are not regulations. They're not necessarily binding. They have no force of law. There may be the instructions from an employer to an employee, which if the employee violates, could get fired or nonpromoted or whatever, or put in the brig, or whatever they do in the – in the military, but would have no force of law. What – what – what is it standing there that – that suggests that this is – this has the force of law? These instructions are to the – it's a military context where the secretary of Navy orders, by instruction, the subordinates. I'm sorry. Is every order given by somebody in the Defense Department get the force of law? If somebody says take out the trash, is that – is that a – is that something that has the force of law? If somebody says, no, you may not have two days' vacation, does that have the force of law? The – I – I would not say that it has the force of law, but let me try to get you the real question. What makes it – what – what does this – does the – does the thing that you're citing, does it rely on congressional authority, let's say, pursuant to authority vested in me by Congress in this statute and this provision, I hereby promulgate procedures for the operation of these boards? I don't know. Does it say anything on that? The statute does say under regulations prescribed by the Secretary of Defense. So you've got a book. Right. And this is – this is for, you know, I – I – for decades and decades how these panel – panel boards' instructions and rules have been established. But let me get back to your bigger question. Your position was we should have dropped our – our petition for mandamus, but certainly we considered and gone back to the district court and argued about what we're raising in our supplemental filing. And let me just address that real quick, is the district court has already, you know, looked at 618F itself and said it was only a qualified privilege, even for promotion boards. And as for retirement boards, same as. So to argue like, well, you should read these provisions delegating this authority to the Secretary and the Secretary's instruction implementing them and Congress's ratifying that decision, which we point out, as – as – as being a privilege, an absolute privilege with this court's honor, is a nonstarter with the district court. We can't go back there and argue that after he's – she has already rejected a 618F. Let me change the facts slightly. Suppose – suppose the realization that 618F – the realization it didn't fit came as somebody was actually writing the petition. At that point, you could put in the petition, at least we'd have a better understanding of the argument. But you'd still be facing the problem that on mandamus, we're supposed to give the district court some – some room. And – and I understand it is a surely futile act to expect the district court's going to change her mind with regard to an argument powered by regulations when she didn't buy onto the argument powered by a purported statute. But still, our problem on mandamus is what is it we're reviewing? You're not asking us really to review the decision that she made. You're asking us to review something based on a different challenge. And that's just a hard thing to do on mandamus. I – I think if appropriate, we would ask the court at the minimum to remand the matter to the district court. There's nothing to remand. This is an original writ you filed to us. There's nothing to remand. You're asking us for relief. We either grant relief or we deny relief. There's no – there's no remand about it. The case is still ongoing in the district court. You could drive down to San Diego this afternoon and see Judge Gonzalez and raise this claim even now. But – but to – to leave this thing before us once you realize that – that the thing you relied on has no – gives you no help at all and put everybody and the taxpayers to the – to the expense of considering this just – just strikes me as – as wasteful. Well, it may be wasteful, but the only other result is going to be that these deliberations are going to be disclosed. And this, as the Secretary – the Acting Secretary has said – Maybe that's – maybe next time the government will know to get better lawyers and not – not have lawyers that cite statutes that are inapplicable. Your Honor, that – that may be the case, Your Honor, and that's – but we would at minimum think that the district court here was working on the premise. There was two aspects of the district court's ruling. One, is there an absolute privilege? Second, how to do this qualified privilege balancing under the deliberative process. And in doing that, that whole analysis was – was tainted by her view that 618F didn't mean what it said. If the D.C. Circuit's right about that – Why is this case in the wrong court anyway? Shouldn't this be in the Court of Federal Claims? It's a claim about having been denied federal salary. This Court – this Court ruled to the contrary in the prior round of the case. I – you know. It was raised? It was part of the decision there, yes. I believe that was – I think that's referenced in our – in our submission. There was a – that they allowed him to basically drop his monetary claim and made it just an injunctive case, and held that the injunctive claim could proceed. He's right. So I would agree with you that, you know, about that, but for that – but for that fact. But also it's not true. Well, I'd say also you'd probably agree, except for our recent decision, that this case is really appealable and shouldn't have been in mandamus. I mean, really. The D.C. Circuit thought it was appealable. Yes. And, you know, and, of course, they – But we wouldn't have this problem. And I think we would agree with the D.C. Circuit if we attempted to appeal in this case. Yes. And this Court has already said that appeal was inappropriate, and we disagree with that. But nonetheless, the same arguments and the same problem we'd have about 618-F would extend to the appealability question and to the merits question, which would underlie that. So I've used more than all my time and more than all your patience, I presume. So I'll stop. No. We're never exhausted for patience. Just the time. Okay. Thanks very much. May it please the Court. My name is Arthur Schultz. I represent the respondent in this case, Chaplain Ronald Wilkins. As the Court has already noted, the Petitioner has agreed that Section 618-F does not apply to this particular issue. And I would submit to this Court that even if it advances the argument that somehow the Secretary has a proper delegation of powers, that under the rules of statutory construction, 618-F grants him no authority to restrict discovery, nor does 618-F provide the Secretary any such authority. I don't think he relied on 618-F for that. I think he relied more generally on the references in the statute to promulgating regulations, from which he tried to argue or the government did argue that regulations have been promulgated which track the provisions of 618-F and the regulations pertinent to promotion boards. But I didn't hear an argument that said 618-F itself provides authority for the promulgation of regulations. Your Honor, he did say that it tracks it. It tracks it. It's the same, but it's not the source of authority. And that is the problem, because this Court must construe both regulations or statutes to avoid unconstitutional results if there is a constitutional alternative. And when 618-F, or the Secretary, delegates to himself, to an administrative agency, the power to determine what is the law, that violates the separation of powers. An example of this, I will yes, Your Honor. Well, Your Honor, according to the Petitioner's argument, 618-F is an absolute bar. So then the question is who determines whether or not the Constitution has been violated? His argument is that the Secretary of the Navy follows from that argument that only the Secretary of the Navy can determine whether or not the Constitution has been violated. If you look at the DOD Inspector General's report, which we've cited here as examples of evidence of denominational preference in two commander's boards, there, as well as the Naval Inspector General's office, which were authorized by the Secretary, those investigators ignored that particular evidence. You'll find a reference to that in the excerpts of record. I think any second-year law student would see that these preferences violated Lawson v. Valenti, as well as all of the constitutional, the Supreme Court's issues and discussion about when the First Amendment's evolved. The other thing that it does is it delegates to the Secretary a power that it cannot have. Essentially, the Petitioner's argument is that the Secretary can condone or the Navy can allow unconstitutional conduct to take place on these boards. He talks about aggrieved officers or disgruntled officers. If you change that word to victims of unconstitutional religious bias or gender bias or racial bias or national origin bias, is this what Congress intended, to preclude discovery on? It's unconstitutional to say that the proceedings of these boards are going to be secret? Is that what you're arguing here? Your Honor, I'm saying that it's unconstitutional. Is this what you're arguing? I'm saying that it is unconstitutional to bar discovery when the issue involves constitutional claims, as the Court and this Court. Why don't you want to answer my question? Your Honor, I thought I was. I thought you asked it twice. Your Honor, I apologize, but I guess I misunderstood your question. That's why I asked it twice. Answer my question. You think it's unconstitutional for them to say, Congress to say, that the deliberations of these boards shall be secret? The answer is yes, when it precludes constitutional claims. Is there a constitutional right to discovery in a civil case? Your Honor, there is a constitutional right not to have the determinations based on promotion or employment opportunities influenced by religious or other unauthorized prejudice. You're saying there may be a merits claim somehow that has a constitutional tort basis, although I don't know exactly how that fits here. But we're dealing with a discovery issue. Is there a constitutional right to discovery? Because it sounds to me what your argument is, is that there is a constitutional right to discovery and it trumps everything else. So Congress can never say no discovery if the cause of action behind it might somehow have a constitutional root. Your Honor, the Supreme Court has recognized there are limitations on that only in issues involving national security, which was actually Webster v. Doe, as well as those issues where a discretion is entirely in the President, such as Curtis Wright, which had to do with export and international relations. This Court in Tenet v. Doe addressed a similar problem. Now, it applied Webster. And what it said was that Webster teaches us that we must avoid every other – that there must be an opportunity to address constitutional claims. It then went on to address the discovery aspects, which Webster also pointed out. It said that the district court had the authority and the flexibility to fashion rules to specifically protect any interested State. And then, again, this Court in Tenet said Webster indicates that where constitutional issues are raised, the courts must consider the full panoply of alternative litigation methods outlined above. And it talks about in-camera discovery restrictions and so forth, and, if necessary, secret proceedings before concluding that the only alternative is to dismiss the case and thereby deny the plaintiffs claim constitutional rights. It also quoted Webster. But there's no order here dismissing the case or even a threatened order dismissing the case. I'm really not sure how any of this pertains to the issue in front of us today. Because the Petitioner's argument is that Congress somehow delegated to the Secretary or decided to preclude consideration of discovery in – when Wilkins raised constitutional claims and Religious Freedom Restoration Act claims. Their argument is that the Secretary, by – because DOTMA granted him the authority to fashion regulations, can somehow construe those regulations to preclude discovery when constitutional claims are raised. That's the essential issue. So the question here is, can – did Congress intend that discovery be precluded? You know, I was – I was very worried against the government. You're really now making it very difficult here. Your Honor, I don't want to – I guess you've got 11 minutes and 43 seconds to go. I think you might be able to persuade me that what Davis is appropriate. Your Honor, obviously, I don't want to do that. Why are you complicating the same with his discussion of constitutional? Well, I guess, Your Honor – I don't get it. Okay. I'm just completely baffled. Because the government challenged not only the district court's grant of the order, but also left open the opportunity for further discovery of the promotion boards. Because if it finds that there was unconstitutional bias in his early selective retirement board, he's then faced with the question of what is a legal promotion board, because he would then be eligible for consideration for promotion to captain. Maybe someday that will be a case here also. That's – Your Honor, I – that's a possibility. But I think I don't want to complicate the Court's decision and the issues any greater than they are. You've indicated that, as you've said, the government does not have a choice or does not have a case for mandamus. I guess my concern was looking forward to the fact that they now have a motion to discuss whether or not the Secretary has such authority. And I was just trying to preclude that by saying that I think there are issues here that address. But you're arguing to make us look bad. You're addressing an issue, and what you want to – you want to adopt this broad constitutional rule that the Secretary never had authority to hold proceedings secret. And I – you know, this is – I don't know why you're jumping in here with this really bad argument that really sort of makes me doubt the soundness of your claim. I – I – Your Honor, I was – I am not arguing that if I – that the Secretary has – does not have authority to make the issue – the proceeding secret. We acknowledge that that serves a legitimate function. The question is – that we're concerned with is, has Congress, in granting that authority, also barred discovery of those issues in a court proceeding such as is taking place at the district court? I would agree that the Secretary, through his powers, can say that these proceedings will not be discussed. That's the issue. It's the oath. You don't challenge the government's authority or the Secretary's authority to restrict the discussions of the board. The issue has to do with whether or not the discovery can be had of those proceedings. Well, it depends on what those things say and what authority they have, doesn't it? What does the Constitution have to do with any of that? I – we have to see what they say. We have to see what authority the Secretary is exercising. But you're starting off with a constitutional argument. I haven't – I apologize, Your Honor. The Petitioner was attacking the district court's application of Zambrano v. INS. And we believe that that was a proper application of Zambrano, or the proper application of the law, which held that absent specific language barring showing Congress's intent that you could not bar discovery. Because of the posture that this case now is in, as we have agreed, I guess I don't need to go there. The court – or the Petitioner has agreed that under 618F or 618A, it does not apply to selective early retirement courts. All right. Thank you. Thank you, counsel. A case just argued will be submitted. The court will stand in recess for the day. All rise. This court is in session. Stand adjourned. Thank you.
judges: Reinhardt, Kozinski, Clifton